\* SAMUEL B. JANES, Respondent, *v.* THE FITCHBURG RAILWAY COMPANY, Appellant.

*Duty of a corporation, formed by a consolidation of other corporations under chapter 917 of 1869, to pay obligations of the latter secured by mortgage.*

The provisions of chapter 917 of the Laws of 1869, relating to the consolidation of railroad companies, to the effect that "the rights of all creditors of, and all liens upon the property of, either of said corporations, parties to said agreement and act, shall be preserved unimpaired, and the respective corporations shall be deemed to continue in existence to preserve the same; and all debts and liabilities incurred by either of said corporations, except mortgages, shall thenceforth attach to such new corporation, and be enforced against it and its property to the same extent as if said debts or liabilities had been incurred or contracted by it," do not impose upon the new company formed under such act any liability to pay the past due coupons upon bonds secured by a mortgage upon the property of one of the corporations consolidated under the provisions of said act.

The intention of the consolidation act, in the use of the words "except mortgages," was to cover thereby debts and liabilities of the consolidated company which were secured by mortgage. (LEARNED, P. J., dissenting.)

*Semble,* that if the mortgage security were not adequate, so that a portion of the indebtedness of the consolidated company would not be at all provided for thereby, and justice required that a third party succeeding to the over-incumbered property should be held liable for such portion of the indebtedness of the consolidated company as exceeded the value of the mortgaged property, that, to that extent, a liability would exist on the part of the new company to pay such indebtedness. (LEARNED, P. J., dissenting.)

APPEAL from a judgment in favor of the plaintiff, entered July 14, 1888, at the Rensselaer County Circuit, after a trial before the court without a jury.

This action was brought to recover over-due interest on $20,000 of Troy and Boston Railroad Company's registered bonds, payable July 1, 1924, with interest at seven per cent per annum, payable half yearly.

June 25, 1887, the obligor (a domestic railroad company) and the former Fitchburg Railroad Company (a Massachusetts corporation), under chapter 917, Laws of 1869 (2 R. S. [7th ed.], 1591, 1592), consolidated their respective capital stocks, franchises and properties and became one corporation, the defendant, and thereby, as plaintiff claimed, defendant became liable for the over-due interest.

---

\* See case of *Polhemus* v. *Fitchburg Railway Company, post* page 397.—[REP.

*E. Cowen* and *John H. Peck*, for the appellant.

*John B. Gale*, for the respondent.

LANDON, J. :

The plaintiff hau a recovery against the defendant upon certain past-due interest coupons of the bonds of the Troy and Boston Railroad Company. The payment of the bonds and coupons is secured by a mortgage given by the company, in 1874, to trustees upon the real estate and property of the Troy and Boston Railroad Company. The principal of the bonds falls due in 1924. The mortgage contains no covenant to pay the bonds or post-foreclosure deficiency.

The defendant is a new corporation formed by the consolidation, in June, 1887, of the Troy and Boston Railroad Company and the former Fitchburg Railroad Company, made by an agreement under and in pursuance of chapter 917, Laws of 1869. The liability of the defendant, the new corporation, upon these past-due coupons, if any, exists by virtue of the terms of the aforesaid act of consolidation.

The act provides for the consolidation of two or more railroads, coming within the terms of the statute, by organizing a new corporation, to which all the property and franchises of the roads joining in the consolidation are to be transferred. It is manifestly the purpose of the act to place the new company completely in the shoes of the constituent companies with respect to their property and franchises, and, also, with respect to their debts and liabilities, except as provided in the fourth and fifth sections of the act. By section 4 all real estate, personal property, rights, franchises, privileges and exemptions of the old companies become vested in the new. Section 5 provides : " The rights of all creditors of, and all liens upon the property of, either of said corporations, parties to said agreement and act, shall be preserved unimpaired, and the respective corporations shall be deemed to continue in existence to preserve the same, and all debts and liabilities incurred by either of said corporations, *except mortgages*, shall thenceforth attach to such new corporation and be enforced against it and its property to the same extent as if said debts or liabilities had been incurred or contracted by it."

The question presented by this appeal is : Do the words " except mortgages," exempt the new company from present liability upon

the past due coupons in suit? The contention of the plaintiff is that the coupons are not mortgages, that the bonds are not mortgages, that the present action does not seek to make the defendant answerable upon the mortgage liability of the Troy and Boston Railroad Company, but does seek to make it answerable upon a liability of that company which exists by virtue of its promise to pay, and for which the mortgage is only collateral and possibly inadequate security. This view prevailed in the court below. We should be inclined to adopt it, if by any fair construction of the exception we could attach it to anything else than to the debts and liabilities of the constituent company secured by mortgage. But if the term mortgages, in the connection in which it is used, does not mean the debts secured by their very terms, what does it mean? We are to look for the legislative intent. We know that the draughtsmen of legislative bills are sometimes incompetent or careless and do not always use words with technical precision. We must, therefore, try to discover what is the meaning intended to be conveyed by the words employed, so that the act shall accomplish its manifest purpose instead of defeating it. We know well enough that in ordinary language the term mortgage is commonly used to signify the debt it secures. We think that is what it means here; that such was the meaning intended by the legislature, and that every other suggested meaning is artificial and unnatural.

The new company, by the terms of the act, is liable for "all debts and liabilities incurred by either of said corporations, except mortgages." In the legislative mind, mortgages were either debts or liabilities. The exception is made out of the class previously mentioned. We can argue that mortgages are neither debts nor liabilities, and are made, not incurred; but it is clear that the legislature did not pause over technical distinctions, nor search for technical accuracy. They used language of very common use in the sense of its common acceptation. Debts and liabilities secured by mortgage are usually regarded as already protected. We can suppose this to have been the reason for the exception. A case may arise — the present may be such a case — in which the mortgage security is inadequate; if so, we can conceive that either the debt remains unprovided for or that the justice of making a third party, succeeding to the over-incumbered property, liable for such debt of the insolvent

·constituent was denied, or that to the extent that the mortgaged property fails to pay the mortgage debt, to that extent, when the fact appears, the debt is not secured, and, therefore, not within the exception of the statute; and hence the liability of the new company exists, but meanwhile is undeterminable. However this may be, we are to interpret the statute as we find it, giving full effect to its words in the sense which the legislature, as we can gather it from the act itself, employed them.

The judgment is reversed, a new trial granted, costs to abide the event.

INGALLS, J., concurred.

LEARNED, P. J. (dissenting):

By articles of agreement executed about June 25, 1887, the Fitchburgh Railroad Company and the Troy and Boston Railroad Company consolidated into one company, the defendant. At that time there were outstanding (among others) three bonds of the Troy and Boston Railroad Company, one for $10,000; two for $5,000 each, belonging to plaintiff, dated March 29, 1887, payable in 1924, with coupons. These bonds (with others) were secured by mortgage executed by said Troy and Boston Railroad Company to trustees for $1,500,000. By the terms thereof the railroad company mortgaged all its property, rights and franchises then owned or thereafter to be acquired; and agreed to execute all needful conveyances to convey all such property and all that might be acquired. At the time of commencing this action $700 was due and unpaid on the aforesaid three bonds. By one of the clauses of the consolidated agreement the defendant, the consolidated company, was to possess all the property and franchises of each party; and was to be subject to all "the debts and liabilities to which either party hereto is subject, excepting so far as the consolidated company is not liable for the mortgages of the Troy and Boston Railroad Company, and bonds and coupons secured thereby according to the provisions of section 5, chapter 917 of the Laws of the State of New York, passed in 1869."

The plaintiff recovered in the court below and the defendant appeals. Section 3 of the consolidated act says that on perfecting

and filing the agreement "the said corporation parties thereto shall be deemed and taken to be one corporation, by the name provided in said agreement and act, but such act of consolidation shall not release such new corporation from any of the restrictions, disabilities or *duties* of the several corporations so consolidated." We see, then, that the consolidation is not a sale by one corporation to another; but it is an act by which the two become one, and the *duties* of the two now become the duties of the one.

In section 5 the second clause provides that no suit, etc., pending in which either of the corporations shall be a party shall be abated, but the new corporation may, on motion, be substituted as a party. If, then, at the time of consolidation, an action at law had been pending against the Troy and Boston Railroad Company on past-due coupons, the present defendant might, after consolidation, have been substituted as a party. This clause seems to show, as does section 3, that the duty of paying its debts, which before the consolidation rested on either coporation, now rests on the new, and that such new corporation may be substituted as a party to an action to enforce such duty.

Section 4 strips the two consolidating corporations of all their property, and transfers it all to the new corporation. Not only all existing property and franchises, but all future ability to earn anything is taken from the old corporation and given to the new. A mere creditor of one of the old corporations can no longer collect anything from it. It seems to me that it would be quite doubtful whether this could be legally done, if the statute did not continue to the creditor against the consolidated corporation the same rights which he had had against either of the old corporations. And as the property formerly belonging to the two corporations can, to a great extent, be no longer kept distinct, but has become blended in one ownership, the new owner is made directly liable for the debts of each of the old corporations. It would seem that this result would almost necessarily follow from the whole structure and provisions of the statute and from the nature of the two bodies which may be consolidated under it. But to make this beyond doubt, section 5 provides : " The rights of all creditors of either of said corporations shall be preserved unimpaired." Now, can the rights of a creditor be said to be unimpaired if there is no longer any person who may

be sued in an action at law to recover the debt, and no longer any property, or possibility of future property, subject to execution therefor? Before this consolidation, the present plaintiff might have sued on these coupons when payable; and on recovering judgment he might have enforced it on any property he could find (other than that mortgaged). If it be said that everything tangible was mortgaged, he might, perhaps, have reached debts due the corporation, or he might have had the remedies provided by section 1784, of the Code of Civil Procedure; but now, the defendant insists, he can have none of these.

The defendant admits that if the plaintiff were a mere creditor, all these rights would remain to him against the consolidated corporations; but it urges that, inasmuch as there is a mortgage given to cover the plaintiff's debt, his right to sue on the bonds and coupons is cut off by the consolidation. And it matters not, on the argument of the defendant, whether the mortgage is practically any security or not. It may be utterly valueless to the plaintiff, but it is very valuable as a protection to the defendant.

This view rests on the following clause in the fifth section: " All debts and liabilities incurred by either of said corporations, except mortgages, shall thenceforth attach to such new corporation and be enforced against it and its property, to the same extent as if said debts or liabilities had been incurred or contracted by it." Now it will be seen, as above stated, that if the defendant's construction of this clause is correct, it can be of no consequence whether the mortgage is valuable or not. The defendant says that the phrase, " except mortgages," takes out from defendant's liability all debts to which mortgages are collateral. I cannot construe those words to mean ; " except that where a debt is secured by a mortgage the corporation shall be liable only for a deficiency." That might be a good law, but there is no such thing in the statute. If the words " except mortgages " relieve the defendant from liability, they must do so, without any consideration whether the mortgage was a sufficient security for the debt or not.

In view of what has been already said in reference to the first clause of this section and a part of the third section, the defendant's construction should not be adopted if any other can be found. These railroad mortgages often have (this one has) a clause

for embracing within their lien all after acquired property. Now there is made a consolidation of two railroads. Are the mortgages which had been executed by each to be extended, by virtue of such clauses contained in them, so as to embrace the property newly acquired by the consolidation? That is, is the mortgage of the Troy and Boston Railroad Company to extend over the property of the old Fitchburg Railroad Company "in the same manner as if it had belonged to" the Troy and Boston railroad originally? Possibly to guard against such a construction, "mortgages" were excepted from "all debts and liabilities." This clause is in the mortgage; this agreement for further assurance might be a liability on which a question may arise. Hence, perhaps, the exception. But whether that is the intention or not, we ought not to give these two words a meaning at variance with other provisions of the statute, contrary to sound principle and unjust to creditors. It is plain that strictly a mortgage is not a debt; and it is equally plain that, in ordinary language, the word is often used to include the debt to which a mortgage is collateral. I think, in construing the phrase here, we should rather consider the general scope of the act and the rights of the creditors of the old corporation. It would seem strange that the legislature should intend to give to a mere creditor an advantage over one who held a worthless fifth mortgage, or that they should intend to deprive one who had sold land to one of the consolidated companies of his right to sue at law for the purchase-price, if such price was secured by a mortgage.

But it is argued by defendant that if one corporation was largely indebted on its mortgages and the other but little, it would be unjust that the bondholders of the former should collect their debts out of property of the new corporation, which had largely belonged to the latter. But that same injustice (if it be such) would exist if the one corporation was largely indebted on debts not secured by mortgage and the other but little indebted. The truth is, that the condition of the two is in every case known and provided for in the consolidation agreement.

It is urged by the defendant that it is only by virtue of the clause above cited from the fifth section of the consolidation statute, that this defendant is liable for debts of the old corporations; that without it all such debts would be extinguished. (Angell & Ames on

Corp., 750.) It is quite immaterial what the common law was on the civil death of a corporation. It has not been the law of this State for many years that such debts were extinguished by the civil death of the corporation. Furthermore, the consolidation statute does not contemplate the civil death of either corporation. On the contrary, it says: "The said corporations, parties thereto (to the agreement), shall be deemed and taken to be one corporation." It does not destroy; it perpetuates under another name, "the name provided in said agreement." Certainly the continued existence of a corporation under a new name would not change its liability for existing debts; therefore, as I think, even without the clause above cited from the fifth section, the two corporations which are now claimed and taken to be one, continue now, in their united condition, liable for all debts and liabilities existing at the consolidation. There has been no amendment of the charters or dissolution of the corporations. Only the two corporations are become one, and that one, by the very force of the transactions, must succeed to all the rights and be subject to all the debts of each.

The construction which the defendant gives deprives the plaintiff of all legal remedy on his contract, except so far as it has been already secured by mortgage. If this can be done as to contracts to which a mortgage is collateral, it can be done as to other contracts, and the legislature might declare that the consolidated corporation should not be liable for any of the old debts. Thus they would deprive the party of all legal remedy, but this cannot be constitutionally done. (Cooley on Const. Lim., 354.)

I think the judgment should be affirmed with costs.

Judgment reversed, new trial granted and order reversed, costs to abide event.