# Cases

# THIRD DEPARTMENT

## GENERAL TERM,

### February, 1889.

---

JOHN B. GALE, Respondent, *v.* THE TROY AND BOSTON RAILROAD COMPANY, Appellant.

*Railroad company — not relieved from liability on its mortgage bonds by reason of its consolidation with another company.*

A railroad corporation, which has issued its bonds secured by a mortgage upon its railroad given to trustees, is not relieved from liability to an action to recover an amount due upon such bonds, by reason of the fact that a consolidation has been effected between such company and another railroad company, under which all the property of both corporations has passed into the possession of a new company.

APPEAL by the defendant from a judgment in favor of the plaintiff, entered after a trial at the Rensselaer Circuit before the court without a jury.

Three actions were brought under the above title, one to recover the interest due upon certain coupons attached to bonds which had been issued by the Troy and Boston Railroad Company; and were secured by a mortgage upon its railroad, issued to trustees to secure such indebtedness; the other two actions were brought to recover the amount due upon certain of the bonds themselves which were past due.

*R. A. Parmenter,* for the appellant.

*John B. Gale,* for the respondent.

LEARNED, P. J.:

Three cases. Two of these are actions on unpaid bonds, passed due, of the defendant. The third is an action on unpaid interest of such a bond. The bonds are secured by a mortgage to trustees.

The defense is that subsequently to the execution of the bonds and mortgage, and in June, 1887, a consolidation agreement was executed between the defendant and the Fitchburg Railroad Company, under chapter 917, Laws of 1869, the general consolidation act, by which the two companies were consolidated under the name of the Fitchburg Railroad Company.

The defendant claims that the effect of that consolidation is such that thereafter no action at law can be maintained against it for debts existing at the time of the consolidation. The ground is that thereafter all the property of both corporations vested in the new; that it would be unjust that creditors of the old companies should maintain actions by which nothing could be collected.

Section 5 of the act provides that a pending action against either of the consolidating companies shall not abate by the consolidation, but may be conducted to final judgment in the name of the existing corporation. It provides also that by order of the court the new corporation may be substituted. Hence it is evident, that without such order, an action pending at consolidation of the nature of those in question, could proceed to final judgment against this defendant. Thus it is manifest that the statute did not take away the right of action against the consolidating companies. If it had done so, the pending action would have abated. If a pending action is not to abate, it is reasonable to say that a similar right of action is not destroyed.

Again, the fifth section says that " the rights of all creditors of * * * either of said corporations * * * shall be preserved unimpaired and the respective corporations shall be deemed to continue in existence to preserve the same." This language seems to be unequivocal. The right of a creditor is not preserved unimpaired when it is taken away. Before the consolidation this plaintiff had the right to sue and recover at law against this defendant. The defendant now says that such right was taken away by the consolidation. That seems to us directly contrary to the statute.

The defendant urges that because it has no property it cannot be sued on its debts. It is a new doctrine that when a debtor has assigned all his property for the benefit of creditors and has nothing, he has escaped all legal liability on his debts. If a man were sued on a bond, it would be an ingenious attorney who would set up as a defense in the answer that the defendant had no property and, therefore, should not be harassed by a useless action.

A majority of this General Term have just decided that no action on these bonds lies against the consolidated corporation. If the defendant is correct, then no action at law lies against anyone in these cases. In which event the rights of creditors would be very decidedly impaired.

Whether the legislature can destroy, or authorize debtors to destroy, the right of action of creditors to recover debts we need not decide, for it seems to us that they have made no attempt to do this.

Judgment affirmed, with costs in each case.

Landon and Ingalls, JJ., concurred.

Judgment affirmed, with costs in each case.