JOHN J. WATSON v. EDWARD B. SMITH and Others.[1]

February 1, 1895.

No. 9108.

**Pledge of Collateral—Word "Mortgage."**

Plaintiff assigned a collateral security,—a mortgage and the note secured thereby,—and authorized the assignee, in case of his default, to sell the "mortgage." Held, that the word "mortgage" must be construed as including the note or debt.

Action in the district court for Ramsey county for conversion of a promissory note. At the trial the promissory note executed by the plaintiff to defendants was put in evidence. The power of sale mentioned in the opinion was in the following form:

[1] Reported in 62 N. W. 265.

"As collateral security for the payment of the above note, I have deposited with the holder thereof the following property, the approximate value of which is estimated to be five thousand dollars, viz.: One mortgage dated June 1, 1892, given by Odin G. Clay, unmarried, to Reuben H. Boughton for five thousand dollars, payable 5 years from June 1, 1892, on N. 15 acres of S. E. ¼ of N. W. ¼ of Sec. 30, T. 27, R. 21, Washington Co., Minn.; V. C. Gilman being authorized by power of attorney to assign to purchaser; and I hereby authorize the holder of above note, on nonpayment of same at maturity, or in event of depreciation in the value of said collateral, to sell the security at public or private sale, without notice to me, and to apply the avails thereof towards the payment of said indebtedness. In case the proceeds of such sale should be insufficient to pay the principal, interest, and charges in full, I agree to forthwith pay the deficiency, with legal interest.

"[Signed]                                    J. J. Watson.
"St. Paul, Minn., August 1, 1893."

There was a verdict for the defendants. Appeal by plaintiff from an order of the court, Otis, J., denying a motion for a new trial. Affirmed.

*C. D. & Thos. D. O'Brien*, for appellant.

*Horace G. Stone*, for respondent.

MITCHELL, J. The plaintiff executed to defendants his promissory note, and as collateral security for its payment assigned and transferred to defendants a mortgage, and the note secured thereby, executed by one Clay. At the same time, and as a part of the same transaction, plaintiff executed to defendants a power of sale, in which, after reciting that he had deposited the Clay mortgage as collateral security for the payment of his own note, he authorized the holder of said note, on nonpayment thereof at maturity, to sell the security at public or private sale, and apply the avails toward the payment of his note. Plaintiff having defaulted in the payment of his note, the defendants sold the collateral mortgage at public auction, one of themselves bidding it in at the sale, as he was authorized to do by statute. Laws 1885, c. 171. There is no claim that the sale was not conducted fairly, and in accordance with the statute;

plaintiff's sole contention being that under the power of sale the defendants had no power to sell the note, but only the mortgage securing it, and that in fact all they did sell was the mortgage. This contention is based entirely on the fact that the power of sale only names the mortgage, and does not specifically mention the note. It seems to us that there is absolutely nothing in this point. Both the note and mortgage had been formally assigned to the defendants. The mortgage was valuable only as security for the note. A sale of the mortgage separate from the note would amount to nothing. The word "mortgage" was evidently used in its ordinary and popular sense, and in which it is also often used in conveyancing, as including the debt secured, and not merely the piece of paper technically called a "mortgage." There is no room for doubt as to the meaning of the power of sale. What defendants were authorized to sell was the security. The word "mortgage," as used in the sheriff's notice and certificate of sale, must be construed in the same sense.

Order affirmed.