CHARLES S. HINE v. NATHAN MYRICK.[1]

April 25, 1895.

No. 9297.

**Appealable Order—Refusing New Trial.**

When a cause has been called for trial on issues of fact, any order or ruling thereafter made, such as ordering judgment on the pleadings, which it is claimed prevented a party from having a fair trial of such issues, constitutes a ground for a motion for a new trial, and an order granting or refusing such motion is appealable.

**"Mortgage"—Covenant to Pay.**

A covenant by the grantee of mortgaged premises to pay the "mortgage" is a covenant to pay the debt secured by it.

[1] Reported in 62 N. W. 1125.

Appeal by plaintiff from an order of the district court for Ramsey county, Willis, J., denying a motion for a new trial. Reversed.

*Robert C. Hine* and *H. V. Rutherford,* for appellant.

*W. W. Erwin* and *Walter A. Shumaker,* for respondent.

MITCHELL, J. This cause having come on for trial of the issues of fact arising upon the pleadings, the court, on motion of defendant, ordered judgment in his favor on the pleadings, on the ground that the complaint did not state a cause of action. Subsequently the plaintiff moved for a new trial, which the court denied. This appeal is from the order refusing a new trial.

The defendant, upon the authority of Dodge v. Bell, 37 Minn. 382, 34 N. W. 739, moves that the appeal be dismissed on the ground that the order is not appealable. The order appealed from in Dodge v. Bell was an order denying a motion to vacate an order sustaining a demurrer, and it was there held that a "new trial," when used in the statute, means, as at common law, a retrial of issues of fact. But it has always been held by this court that when a cause is called for the trial of issues of fact any order or ruling thereafter made by the court, which it is claimed prevented a party from having a fair trial of those issues, such as dismissing the action or ordering judgment on the pleadings, constitutes a good ground for a motion for a new trial. Thorp v. Lorenz, 34 Minn. 350, 25 N. W. 712; Dunham v. Byrnes, 36 Minn. 106, 30 N. W. 402. Whether this rule is strictly logical or not, it is at least a very convenient one, and has been too long recognized by this court as good practice to be now changed.

The ground upon which the trial court held the complaint insufficient was that a covenant by the grantee of mortgaged premises to pay the mortgage without any mention of the debt thereby secured did not amount to a covenant to pay the debt. Watson v. Smith, supra, p. 206, 62 N. W. 265, is, in principle, decisive of this point. How a mortgage can be paid without paying the debt secured by it, it is impossible to conceive. The term "mortgage" was evidently used in its ordinary popular sense, as referring to the debt itself.

Order reversed.