(29 Misc. Rep. 109.)

COPP v. COLORADO COAL & IRON CO.

(Supreme Court, Appellate Term.   October 4, 1899.)

CORPORATIONS—CONSOLIDATION—ACTION.

In an action against a corporation it is a good defense to show that the corporation was consolidated with another corporation prior to the commencement of the action, unless separate existence of the constituent companies is preserved by legislative enactment.

Appeal from city court of New York, general term.

Action by William A. Copp against the Colorado Coal & Iron Company. From a judgment of the general term (59 N. Y. Supp. 1101) affirming a judgment for plaintiff, defendant appeals.   Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

James Stikeman, for appellant.
John O'Connell, for respondent.

LEVENTRITT, J.   The plaintiff claims that in May, 1888, he entered the employ of the defendant as its counsel, under a yearly hiring at an agreed annual salary of $1,200, and that the employment was renewed by operation of law for the four succeeding years; that he received his stipulated compensation in monthly installments until November, 1892, when its payment was suspended.   This action is brought to recover the salary for the following six months.   The answer, among other defenses, contains the plea that the defendant corporation ceased to exist prior to the commencement of the action, it having been consolidated with the Colorado Fuel Company on the 21st day of October, 1892, under the name and style of the Colorado Fuel & Iron Company.   Evidence to support that plea was offered by the defendant, and excluded by the court.   This was error.   The effect of consolidation, if it took place, was to dissolve all the constituent corporations, and to create a new one out of the component bodies.   Tayl. Priv. Corp. § 421; 2 Cook, Stock, Stockh. & Corp. Law (3d Ed.) § 910; Mor. Priv. Corp. § 754; Miner v. Railroad Co., 123 N. Y. 242, 25 N. E. 339; Wamsley v. H. L. Horton & Co., 87 Hun, 347, 34 N. Y. Supp. 306.   Had this action been pending at the time of consolidation, it would not have abated, owing to the express reservation in the statute (Laws 1890, c. 567, as amended by Laws 1892, c. 691, § 12); but, as a general rule, consolidation extinguishes the precedent companies, so that thereafter no action can be com-

menced against them (1 Thomp. Corp. § 395, and cases cited). Consolidation merges the constituent companies, and unless, by legislative enactment, their separate existence is preserved, the previous entities are absorbed in the new body. The defendant had a right to show that on October 21, 1892, the existence of the defendant as a distinct legal entity ceased, and hence that it no longer had officers or agents or persons on whom process could be served. If that fact had been established, this action would not have been maintainable. While the plaintiff might then have sued the consolidated company, and, in the event of success, have followed the assets of the defendant in the new company, he could not institute an action against the defendant after it had lost its identity, and yielded its name and substance to the new corporation. As the judgment must be reversed for this error, which goes to the root of the litigation, it becomes unnecessary to refer to the other serious exceptions urged on this appeal.

Judgment reversed, with costs to appellant. All concur.