### In re IVERSEN et al.

### IVERSEN et al. v. DOCON.

### No. 5696.

Circuit Court of Appeals, Seventh Circuit.
July 27, 1936.

160

Walter E. Wiles, George E. Q. Johnson, Luther D. Swanstrom, and Samuel G. Clawson, all of Chicago, Ill., for appellants.

A. George N. Spannon and Stanley C. Armstrong, both of Chicago, Ill., for appellee.

Before SPARKS and ALSCHULER, Circuit Judges, and LINDLEY, District Judge.

## ALSCHULER, Circuit Judge.

In the brief for appellants it is stated: "The only question involved in the petition for review, and consequently the only question involved in this appeal, is a single question of law, and is stated by the referee in his certificate as 'whether the court, under section 74, may confirm an extension proposal which permanently and finally reduces or waives the amount of interest provided in the obligations of secured creditors, accruing subsequent to the date of the filing of Debtors' petition, such reduction or waiver having received the consent of the requisite majority in amount and number of the creditors of the debtors, but not of all the secured creditors holding obligations bearing such interest.'"

Briefly the facts are: Debtors petitioned for extension or composition, under section 74 of the Bankruptcy Act, as amended (11 U.S.C.A. § 202), of their debts, which included their notes or bonds secured by a mortgage on their real estate. Before the referee, the debtors submitted an extension proposal which, inter alia, provided: "Interest shall be paid on the par value of the aforesaid first mortgage real estate bonds at the rate of three per cent (3%) per annum beginning to accrue from August 4, 1934 and payable on the 4th day of February, 1935 and semi-annually on the 4th days of each August and February thereafter, provided that the said interest rate shall be increased to four per cent (4%) per annum beginning August 4, 1936 and shall be further increased to six per cent (6%) per annum beginning August 4, 1938 and continuing to the end of the extension period."

The proposal was accepted by a majority in number and amount of the creditors, including a majority in number and amount (but less than the whole) of the holders of this secured indebtedness.

The referee, holding that he had no power under the law to reduce the amount of interest which would accrue under the terms of the bonds, amended the proposal as follows: "The said confirmation is subject to the further provision that interest as stated on the obligations extended shall not be reduced by this proposal but the difference between the interest paid currently and the interest accruing according to the tenor of the bonds or other secured obligations extended shall be deferred for payment only to the final date of extension provided in the said proposal."

The referee confirmed the proposal as amended. Upon debtors' petition for review to the District Court, the amended extension proposal was affirmed, and the debtors appeal.

Paragraph (i) of section 74 (11 U.S.C.A. § 202(i) reads: "Upon its confirmation an extension proposal shall be binding upon the debtor and his unsecured and secured creditors affected thereby: Provided, however, That such extension or composition shall not reduce the amount of or impair the lien of any, secured creditor, but shall affect only· the time and method of its liquidation."

Appellants' contention rests upon the meaning of the word "lien" as employed in the paragraph. It is urged that *lien* does not mean or include the *debt* or *indebtedness;* that *lien* refers only to the right which the creditor has secured to subject specific property of the debtor to the payment of the secured debt; that the lien would be the same whether or not the debt remained the same; that if by operation of law, or by voluntary remission, or otherwise the debt was reduced, the lien for securing the payment of the balance of the debt would remain undisturbed and intact until the entire debt was satisfied; that the proviso of paragraph (i) specifies only that the *lien* remain undisturbed, but leaves the court of bankruptcy with full power to deal with the debt and to adjust or reduce the amount thereof; and that therefore it was within the power of the court to approve a

proposal which provided for the absolute abatement of a portion of the interest, if the statutory consent were forthcoming.

To such restricted meaning of the word "lien" as employed in the paragraph, we cannot accede. We know from experience that the word is frequently employed to indicate the indebtedness thereby secured, though this may not be the technical connotation of the word standing by itself. Frequently it occurs that the indebtedness is referred to as a *lien* or *mortgage* or *pledge*, without any other reference to the debt itself, notwithstanding the well-known fact that a lien, in and of itself, has no efficacy without a debt or obligation of some sort to support it.

That such words as "lien," "mortgage," and the like, are quite often employed to indicate the debt thereby secured abundantly appears from cases where it has been so held. James v. Fitchburg R. Co., 50 Hun, 310, 3 N.Y.S. 165; Watson v. Smith, 60 Minn. 206, 62 N.W. 265; Hine v. Myrick, 60 Minn. 518, 62 N.W. 1125; Tuttle v. Armstead, 53 Conn. 175, 22 A. 677; Stone v. Browning, 49 Barb. (N.Y.) 244.

The specification in the proviso that the extension or composition "shall not reduce *the amount of* or impair the lien" in our judgment indicates that no secured creditor may be required, without his consent, to forego any part of his secured debt. It would not be reasonable to apply the words "reduce the amount of" to the security which had been given and not to the debt itself. We are well satisfied that the words "amount of" are not limited to the articles or items pledged or otherwise conveyed as security, but refer to the debt for which the security is given, and indicate that relief under section 74 may not be required at the cost to any secured creditor of a reduction in the amount of his secured debt. And this, in our judgment, is applicable alike to the stipulated interest as well as to the principal.

But if there is doubt as to this, the concluding words of the proviso would seem to preclude the contention that the word "lien" was here intended to have no relevancy to the debt. The final clause —"but shall affect only the time and method of its liquidation"—forbids interpretation that by the proceeding the secured debt itself may be affected otherwise than as specified.

Surely the amount of an indebtedness is an element which is at least co-ordinate with those of "the time and method of its liquidation," and if the extension proposal affects any element of the secured indebtedness other than "the time and method of its liquidation," it would transgress the proviso of paragraph (i), and must not be approved.

Sexton v. Dreyfus, 219 U.S. 339, 31 S. Ct. 256, 55 L.Ed. 244, is cited by the debtors to their proposition that no lien is allowable for interest on the debt accruing after the date of filing the petition. In that case it appears that a secured creditor, some time after the filing of the petition, sold his security, realizing insufficient to pay the secured debt and interest thereon to time of realization. Out of what was realized the creditor first paid himself the interest which had accrued between the filing date and the date of selling the security, presenting as a general claim the deficiency. The court held this may not be done—that the amount realized must be first applied toward the discharge of the principal and the interest thereon up to the date of the filing. This involves a situation wholly unlike that here, where there has been no sale of the security, and where the proceeding was authorized and brought with the distinct view of avoiding sale and realization, and was designed, in the interest of the debtor, to extend and defer the time when the secured creditor may so realize, leaving the debt wholly unaffected save as to time and method of liquidation. Postponement of the realization is of the very heart of the proceedings under section 74; and when, as in paragraph (i), the proposed extension may be confirmed only upon the proviso that it "shall not reduce the amount of or impair the lien of any secured creditor," the court has no power, against objection, to authorize any reduction either in principal or in interest.

We are satisfied that this matter was correctly adjudicated, and the order affirming the referee's confirmation is hereby affirmed.