5 So.2d 772

CHICHESTER v. FIRST NAT. BANK OF BIRMINGHAM.

6 Div. 888.

Supreme Court of Alabama.

Dec. 18, 1941.

Rehearing Denied Jan. 22, 1942.

Graham & Wingo, of Birmingham, for appellee.

Harsh, Harsh & Hare, of Birmingham, for appellant.

GARDNER, Chief Justice.

The suit is upon a promissory note executed by defendant and his brother, John Chichester, for borrowed money of five thousand dollars with which to complete a ten thousand dollar cash payment for a lot in Fairfield, Alabama, purchased by defendant and his brother in 1927 during the well known real estate speculative period.

Defendant, his brother John and Zukoski, one of the vice-presidents of the bank, testified in the case and upon conclusion of the testimony the trial court, entertaining the view there was no proof upon which a defense could be rested, directed a verdict for the plaintiff, and from the judgment following, defendant prosecutes this appeal.

The indebtedness here sued upon was secured by a mortgage on the purchased lot. In 1938 defendant's brother John (who did real estate appraisal work for the bank and who appears to have acknowledged the indebtedness and not here sued), found a

purchaser for the lot at $3,000 and informed Zukoski of that fact. Zukoski approved the sale, considered that was all the property was worth. The brother John carried the deed to defendant and the property was conveyed by them to the purchaser, the check for the purchase money was endorsed and the bank received the net proceeds, for which due credit was given.

In response to request by John for a release the bank executed a quit claim to the purchaser, adding a clause (which he says was not in the customary form), indicating no release of the debtors as to any balance due. But defendant had no knowledge of any such stipulation, and is not to be prejudiced thereby. In thus con summating the sale the brother John states he was not acting in any manner as agent for the bank, but for himself and defendant as joint owners of the property.

Defendant rested his case for a defense to this suit solely upon the theory his execution of the deed to the purchaser was to be in settlement of his indebtedness, and that it was so understood. But defendant was repeatedly questioned by his counsel as to any such understanding or agreement, and each time declined to so state. The mere fact that in conversations with Zukoski he had stated he would deed his interest in the property to the bank in lieu of foreclosure and that was the only way he could ever hope to pay the bank, does not tend to show any such agreement of discharge of the indebtedness. It may be noted, though not considered as of any controlling importance, that in fact there was no sale to the bank, but merely a sale by the owners of the property to a third party and the bank's co-operation in order to consummate the same.

Zukoski states positively there was never any such understanding and defendant declines outright to state there was. The trial judge commended defendant for his unwillingness to expand, so to speak, his testimony as to present an issue of fact, and he was justified in his commendation.

But to ask the Court to interpolate into the conversations here testified to any such agreement or understanding as now argued is to ask the Court to do that which he himself repeatedly declined to say was a fact. It is clear enough there is nothing in the testimony of defendant's brother John tending in any manner to support the theory of any such defense and that Zukoski's testimony is in direct contradiction of any

such theory. All of this relates to a matter of testimony, a discussion of which would serve no useful purpose and extend this opinion to undue length.

All of the proof has been considered with painstaking care by the court in consultation and defendant's answer to every question and his voluntary statement in proof read and duly weighed. We are persuaded the trial court was correct in the conclusion the evidence was insufficient to sustain any reasonable inference of a mutual understanding or agreement, either expressed or implied, that the execution of a deed by defendant to a purchaser of the mortgaged property would constitute full settlement of the indebtedness. And indeed defendant's letter, written a short time before institution of this suit in answer to plaintiff's attorney demanding payment and threatening suit in the event the debt was not paid, constitutes a virtual admission of liability with no intimation of any such theory of defense now interposed.

Undisputedly the amount of recovery on the note sued upon and introduced in evidence was the amount due in the absence of defense here urged. There being no evidence in support of any such defense and no conflict in the proof, the Court was justified in assuming responsibility and directing a verdict for plaintiff. There was nothing for the jury to consider. The cases cited by appellant are readily distinguished and need no separate treatment here. "A peremptory instruction leaves nothing for the jury to consider or discuss, and their office is perfunctory and formal only; that is, to sign the verdict as directed." Reed v. Ridout's Ambulance, Inc., 212 Ala. 428, 102 So. 906, 910. "When the party holding the burden of proof wholly fails to adduce evidence to support the cause of action or defense, or where the testimony of one's own witnesses, without conflict, makes out the case of the opposing side, the court may direct the verdict by affirmative instruction without hypothesis on request in writing. In such case there is nothing to argue. The party may not assail the credibility of his own witnesses in argument". Harris v. State, ex rel. Wilson, 215 Ala. 56, 109 So. 291, 293.

Under the above cited authorities, therefore, the Court committed no error in directing the verdict, preparing the form thereof, and having the same signed by one of the members as foreman without retire-

**230**

ment of the jury from their seats. It was purely perfunctory and justified under the proof.

Let the judgment stand affirmed.

Affirmed.

BOULDIN, FOSTER, and LIVINGSTON, JJ., concur.

### On Rehearing.

GARDNER, Chief Justice.

In deference to the earnestness of counsel for appellant on application for rehearing we have given careful consideration to the following authorities: Janes v. Fitchburg R. Co., 50 Hun 310, 3 N.Y.S. 165; Hottell v. Kemp, 139 Kan. 239, 31 P.2d 64; Hine v. Myrick, 60 Minn. 518, 62 N.W. 1125 and Watson v. Smith, 60 Minn. 206, 62 N.W. 265.

The case of Janes v. Fitchburg R. Co., supra, deals with the construction of a statute and that of Hottell v. Kemp, supra, merely places an interpretation upon a contract between the parties gathered from the writings and surrounding facts and circumstances.

The case of Hine v. Myrick, supra, by the Minnesota Court was merely to the effect that a covenant by the grantee of mortgaged premises to pay the mortgage was an agreement to pay the debt secured by it. And in Watson v. Smith, supra, by the same court, a note and mortgage had been formally assigned as collateral security for a debt, the assigned mortgage being given as security for the note thus assigned. The holding was that the power of sale given to the assignee to sell the mortgage upon default included the debt as evidenced by the note secured thereby.

In the instant case the mortgagee merely released the property covered by the mortgage in order to complete the title of the purchaser who had bought direct from the mortgagors. And the mortgagee received and gave credit for the purchase price. The cited authorities do not sustain the theory that by the execution of such release and any agreement in relation thereto a reasonable inference could be drawn that the satisfaction of the entire mortgage debt resulted. We think further elaboration unnecessary.

The application for rehearing will be overruled.