130 F.2d 229 (1942)
In re SWARTZ et al.
KAUSAL et al.
v.
LYNN.
Nos. 7826, 7864.
Circuit Court of Appeals, Seventh Circuit.
July 6, 1942.
Rehearing Denied August 5, 1942.
*230 J. Kentner Elliott, of Chicago, Ill., for appellants.
Charles R. Johnson, of Chicago, Ill., for appellee.
Before MAJOR, KERNER, and MINTON, Circuit Judges.
KERNER, Circuit Judge.
Appellants seek review of three orders: (1) Limiting the time within which creditors shall file claims; (2) striking appellants' claims; and (3) confirming assessment of costs.
On May 22, 1935, the debtors filed their petitions seeking confirmation of a plan for the composition of their debts under the provisions of § 74 of the Bankruptcy Act, 11 U.S.C.A. § 202. The second amended proposal, filed on January 24, 1936, alleged that the debtors were unable to pay their debts as they matured, that a plan of composition had been prepared, and that creditors owning more than a majority in amount of their indebtedness had accepted the plan in writing.
The District Court, on March 5, 1936, after appellants as creditors had consented to its adoption, approved and confirmed the plan. The plan provided for a delayed liquidation of the debtors' property consisting of two parcels of real estate. Pursuant to the plan, the holders of notes secured by mortgages upon the real estate, received, in lieu of the notes, certificates of interest. Two trust agreements were executed and approved by the court on November 29 and December 7, 1937, respectively. November 5, 1937, the court entered an order limiting the time within which creditors could file claims, and thereafter all of the debtors' creditors, save the appellants, filed their claims and accepted the certificates of interest. March 29, 1938, the court entered an order directing the appellants forthwith to deposit with the trustee the notes held by the appellants and receive in lieu thereof certificates of interest, and restrained appellants from interfering with or delaying the administration of the estate. The appellants having failed and refused to file their claims, the court, on August 12, 1941, entered an order that appellants within two days file their claims and deliver to the trustee the notes held by them and accept in lieu thereof certificates of interest, their failure to comply with the order to bar them from in any manner asserting any claims upon said notes. August 22, 1941, the appellants filed their claims upon the notes held by them and asserted that they were entitled to receive the face value thereof. September 10, 1941, the court held that the appellants had failed and refused to file proper claims, struck the claims filed, and ordered appellants to cease their unwarranted interference with and delay of the administration of the estate.
*231 The appellants contend that the court was without authority to direct that they file claims and upon failure so to do, to bar them from any claim in the proceeds of the estate. With this contention we cannot agree.
We think it well established that the administration and distribution of the property of a bankrupt is a proceeding in equity, and that where a bankruptcy court acquires lawful custody of property, it has jurisdiction to inquire and determine who the lawful owners are, and to call before it and order all claimants to present their claims within a reasonable time, or be barred from any right or interest in the property or in its proceeds. Nisbet v. Federal, etc., 8 Cir., 229 F. 644, 647; In re Lathrop, Haskins & Co., 2 Cir., 223 F. 912, 917; Straton v. New, 283 U.S. 318, 51 S.Ct. 465, 75 L.Ed. 1060; and In re Wood and Henderson, 210 U.S. 246, 28 S.Ct. 621, 52 L.Ed. 1046.
Appellants next contend that the order striking the claims filed on August 22, 1941, was entered without a hearing.
It appears from the record that during the court's consideration of appellee's motion to strike the claims, appellants and their counsel were personally present; that they presented, but did not file, their objections to the motion to strike; that the court considered the files, records and proceedings, the evidence and arguments of counsel, and found that appellants had failed and refused to file any proper proof of claim, and had refused to accept and receipt a certificate of beneficial interest in compliance with and as required by the orders of the court. Under this state of the record, we are unable to see any merit in appellants' contention.
It is also contended that the order assessing costs was not supported by the evidence.
The record discloses that after the plan of composition was confirmed, and for more than five years thereafter, appellants persisted in bringing and urging upon the court not less than 32 oral and written petitions, seeking preferences, which no other similarly situated creditor could or did receive, and payment in full of their claims. Many of these petitions were withdrawn, and the remainder, after due consideration, were found by the court to be without merit. These actions of the appellants required 162 docket entries. Of 157 court appearances made by counsel for the trustee after appellants had consented to the adoption of the plan, 124 were necessarily made in preserving the plan from the attacks of the appellants. The referee in bankruptcy recommended that $1,000 be taxed as costs against the appellants.
The referee found that by reason of the unnecessary, groundless, vexatious, and oppressive petitions, motions, and other acts and conduct of the appellants, appellee had been required to be present in open court and to employ counsel, for which he is entitled to fair and reasonable compensation; that a fair and reasonable compensation for the trustee is the sum of $150, and for his attorney, $750; that the expenses of the referee amounted to $100; and ordered that the total expense, amounting to $1,000, be charged against the appellants as costs.
The record does not disclose that appellants preserved all of the testimony of the witnesses nor the documentary evidence received before the referee. It does, however, include the referee's certificate on review. From this certificate it appears that the referee, after a long hearing of evidence and arguments, found that the appellants, by their conduct, had occasioned costs and expenses for unnecessary and vexatious hearings and proceedings, and held that the claims of the appellants should be subject to such determination as might be made by the court for the payment of costs and expenses occasioned by all unnecessary hearings, appearances in court, fees for services and other charges, occurring after the confirmation of the proposal and the consent to such confirmation by the appellants. The District Court, on June 27, 1941, upon this certificate of review, confirmed the referee's findings. Since the findings are based on evidence which is not in the record before us, we must accept the findings as correct. In re Wilton-Maxfield Management Co., 9 Cir., 117 F.2d 913, 914.
It is insisted that the appellee has been guilty of laches. We find no merit in this contention and it will be enough to say, as we have already observed, that the court found that the appellants "for several years have persistently, constantly and unlawfully interfered with, delayed and molested the trustee, and his counsel * * * in and with respect to the administration of this estate."
*232 Finally, it is contended that the referee lacked jurisdiction and that the order assessing costs was not a judgment.
In the instant case there was a general order of reference. Appellants concede that in such case, the referee, in entering an order, sits as a court of bankruptcy, with all the powers of a District Judge, except those which are expressly reserved to the judge. 11 U.S.C.A. § 66. They argue, however, that the jurisdiction of the court ended upon the confirmation of the plan, and that the court then had no further jurisdiction for any purpose except the distribution of the proceeds of the estate, and In re Iversen, 7 Cir., 85 F.2d 159, and In re Corona Radio & Television Corp., 7 Cir., 102 F.2d 959, are cited.
For the purpose of protecting and preserving the estate and enforcing the terms of the plan, the court, in the order confirming the plan, reserved jurisdiction of any and all persons in any manner affected by or having any interest in the proceedings. Under the record here appearing, we believe the court did not lack jurisdiction, even though the order also provided "that such jurisdiction shall cease * * * with respect to each of the aforesaid premises upon the expiration of the period of the option to purchase the same herein granted to said Debtors * * *," since we are of the opinion that the words quoted had reference to the two pieces of real estate, and not to the preservation of the estate or the enforcing of the terms of the plan.
With reference to the claim that the order assessing costs was not a judgment, we note that it directed the appellants to "pay to said Trustee the aforesaid sum so assessed and taxed as costs herein; that said assessment of costs be, and hereby is, made a prior and paramount lien upon any dividend, claim or interest of said respondent [appellants] in these proceedings, until fully paid; and that said Trustee be, and hereby is, authorized and directed to deduct said costs from any dividend, claim or interest herein of said respondent."
Appellants argue that the language used discloses no intention to charge any property of the appellants other than their interest in the debtors' estate. On the other hand, the appellee claims that the language authorizing him to deduct the amount assessed as costs from appellants in the estate is mere surplusage. We are inclined to the view that there is merit in appellants' contention.
The allowance of counsel fees is not usually allowed against an unsuccessful litigant, Gold Dust Corporation v. Hoffenberg, 2 Cir., 87 F.2d 451. In actions at law, costs follow the result as of course, but in equity costs not otherwise governed by statute are given or withheld in the sound discretion of the court according to the facts and circumstances of the case, Kansas City So. R. Co. v. Guardian Trust Co., 281 U.S. 1, 9, 50 S.Ct. 194, 74 L.Ed. 659, and may be assessed against a party found to have brought groundless and unwarranted claims causing expense to an estate, Guardian Trust Co. v. Kansas, etc., 8 Cir., 28 F.2d 233, and Sprague v. Ticonic National Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184. It seems clear from this record that the referee and the court intended to charge the costs assessed only to appellants' interest in the debtors' estate. As thus construed, the order assessing costs will be affirmed. All three orders will be affirmed. It is so ordered.