**In the Matter of TOM MOORE, INC., d/b/a Moore Air Conditioning, Bankrupt.**
**Bankruptcy No. 19790.**

United States District Court
E. D. Tennessee, S. D.
Feb. 27, 1959.

Noone & Noone, Chattanooga, Tenn., for petitioners.

Kefauver, Duggan & McDonald, Chattanooga, Tenn., for respondents.

Richard Jahn and Anderson, Meacham & Collins, Chattanooga, Tenn., for petitioning creditors.

DARR, Chief Judge.

On June 18, 1958, following an involuntary petition in bankruptcy, Tom Moore, Inc., d/b/a Moore Air Conditioning, was adjudicated bankrupt. At that time Mr. John Ross Scott was appointed receiver to take charge of the assets of the bankrupt until the election of a trustee. On July 17, 1958, Mr. Scott filed a petition asking that certain persons be declared in contempt of court for illegally obtaining possession of certain merchandise of which he had taken charge as receiver.

On July 30, 1958, the petition was heard before the Referee, Eugene J. Bryan, upon oral testimony, and was taken under advisement. A memorandum opinion and order was dictated by the Referee, but he had not signed it when he died on October 11, 1958. The reference was transferred to Clive W. Bare, Referee, who studied the written record of the entire hearing and, on October 29, 1958, entered an order dismissing the petition.

This petition for review of that order was filed, not by the Receiver, but by a creditor. The sole ground for the petition was that the Referee had no power to render the opinion and enter the order in question. A short digest of the factual background appears desirable.

■ At the time of his appointment as receiver Mr. Scott went to a warehouse operated on the premises of the bankrupt, and notified a lady who was there of his appointment. She told him that she was taking inventory and would give him a copy of the inventory of the property of the bankrupt after it was complete. Mr. Scott did not take possession of the keys to the building, or take an inventory, or indicate clearly that he was claiming any property not that of the bankrupt. A few days later a considerable amount of property was removed from the warehouse by Maco Warehouse Company. Mr. Scott thereupon filed the above-mentioned petition that certain persons be held in contempt.

From the evidence as it was presented to this Court in argument, it seems that the receiver was probably not sufficiently clear in his assumption of control of the property, and there are ample facts to support the finding of the referee. This should be considered in passing on the petition for review, since an abuse of discretion should not be condoned.

■■ The referee receives his authority from the judge by the reference, and acts as the judge in handling almost all bankruptcy matters. Title 11 U.S.C.A. § 66; In re Swartz, 7 Cir., 130 F.2d 229. It is clear that the judge could have entered an order on written rather than oral testimony. Federal Rules of Civil Procedure, Rule 63, 28 U.S.C.A.

Federal Deposit Ins. Corporation v. Siraco, 2 Cir., 174 F.2d 360 is cited by the petitioner because the Court of Appeals there reversed the trial court, holding that the trial court was in no better position to pass on the credibility of the witnesses than the appellate court, and the testimony in question was "not such as by its nature carries conviction of its truth". The judge who heard the witnesses in person had left no record of his position, and the successor judge did not grant a new trial under Rule 63. The rule of that case is dependent upon the factual situation. Under Rule 63, the

trial judge has discretion to grant or deny a new trial. That discretion must be abused before the action of the trial court is beyond its authority. In the present case, as pointed out above, no abuse of authority is involved.

The petition for review is denied.