LOCAL 205, UNITED ELECTRICAL RA-
DIO AND MACHINE WORKERS
OF AMERICA (UE)

v.

GENERAL ELECTRIC COMPANY.

Civ. A. No. 54-993.

United States District Court
D. Massachusetts.

May 25, 1959.

ALDRICH, District Judge.

Following the findings and opinion of this court dated March 31, 1959, 172 F.Supp. 53, the parties, being unable to agree on a form of judgment, submitted copies of proposed judgments and letters explaining their position. A hearing was held, the court making a number of observations in response to arguments of counsel. I have this day handed down the judgment. Conceivably some question may arise as to what it means. In order to construe ambiguities, or alleged ambiguities, in written instruments reference is sometimes made to prior drafts in order to draw conclusions from the changes. It would not be proper to use the drafts submitted by the parties for this purpose. Nor would it be proper to look to any remarks made by the court in the course of the hearing on the form of the judgment. These were made extemporaneously, and in no way reflected final views. The judgment must speak for itself, except insofar as any light may be cast by the opinion of March 31, and by the following paragraph.

I have purposely made the reference to arbitration broad. I have done this for a number of reasons. Both plaintiff and defendant wished me to state in

the judgment certain things the arbitrator should not do (although they did not agree what they were). However, one cannot safely embark on such a course without running the risk of inadvertently omitting to mention something; it would involve decisions on matters the parties might not seek anyhow, or the arbitrator might not entertain; and, most important, the whole concept of going into such details might trespass on the authority of the arbitrator, particularly on what may well be a presently incomplete record. Furthermore, I think I would be doing a disservice to the cause of labor arbitration if whichever party was opposed to it in a particular instance could insist on preliminary litigation with the hope that if it could not prevent arbitration, it could at least litigate in advance all of the details of what was going to be arbitrated. This would impede arbitration, and lead to unnecessary litigation. If the arbitrator does things he should not do, it will be time enough to face that later. The fact that the reference is broadly expressed of course does not mean that he can do

things outside the scope of a proper interpretation or application of the bargaining agreement merely because they might fall literally within the terms of the judgment.

■■ One final matter. The parties are in disagreement as to costs. The plaintiff claims costs to include counsel fees and disbursements. The defendant disputes this, and contends that even the taxable costs should be apportioned. I disagree with both. If a union in such a proceeding should ever be entitled to the extraordinary relief (I use the adjective in the legal sense) of costs taxed as between solicitor and client, a question on which I do not presently rule, I believe it should be only in a clear case of improper resistance to its rights. Cf. 35 U.S.C.A. § 285, and cases thereunder. This is not such a case. Nor, to turn to the defendant's claim, is this a case where the defendant prevailed on clearly severable matters, so as to be entitled to costs on those issues. A prevailing party does not lose a proportionate part of his costs just because he does not succeed to the full extent of his claim.