**LOCAL NO. 149 INTERNATIONAL UNION, UNITED AUTOMOBILE, AIRCRAFT AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW–AFL–CIO), Winchester, Virginia, Appellant,**

v.

**AMERICAN BRAKE SHOE COMPANY, Winchester, Virginia, PLANT OF AMERICAN BRAKEBLOK DIVISION, Winchester, Virginia, Appellee.**

No. 8411.

United States Court of Appeals Fourth Circuit.

Argued Oct. 23, 1961.

Decided Jan. 5, 1962.

Lowell Goerlich, Washington, D. C. (J. Lynn Lucas, Luray, Va., and Harold A. Cranefield, Detroit, Mich., on brief), for appellant.

Flourney L. Largent, Jr., Winchester, Va. (Largent, Anderson & Larrick, Winchester, Va., on brief), for appellee.

Before BOREMAN and BELL, Circuit Judges, and MARTIN, District Judge.

MARTIN, District Judge.

Appellant, Union, appeals from an order of the District Court refusing to award attorneys' fees to the Union. The Union was the prevailing party in this Court on the merits of a prior appeal. Upon remand to the District Court to effectuate the decision here reached, that court held "it should not be within the power of the courts to penalize litigants because their defenses cannot be upheld," and refused to award attorneys' fees as costs.

The original dispute in this case arose as the aftermath of an arbitrator's award in favor of the Union. The arbitrator required reclassification of four individual employees who, the Union contended, were misclassified. Appellee, Employer, refused to reclassify these employees, contending that the award exceeded the arbitrator's authority under the contract and the submission. The District Court required specific enforcement of the award. This Court affirmed the findings of the District Court including its finding that it had jurisdiction (reported 285 F.2d 869).

Here the Union seeks to recover reasonable attorneys' fees as costs on the grounds that the employer's refusal to abide by the arbitrator's award was arbitrary and without any meritorious basis.

The propriety of awarding attorneys' fees against a party who, without justification, refuses to abide by an arbitrator's award and thereby necessitates enforcement proceedings in the District Court by virtue of § 301(a) of the Labor Management Relations Act (29 U.S.C.A. § 185(a)) is the sole issue in this case. This issue turns on the historical equity powers of federal courts since no statute authorizes attorneys' fees in these circumstances.

In Sprague v. Ticonic National Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184

(1939), the question of "the power of federal courts in equity suits to allow counsel fees" was fully explored. Citing English and American precedent, the Court stated at pages 164, 165 of 307 U.S., at page 779 of 59 S.Ct.:

"Allowances of such costs in appropriate situations is part of the * * * equity jurisdiction of the federal courts. The suits 'in equity' of which these courts were given 'cognizance' ever since the First Judiciary Act, 1 Stat. 73, constituted that body of remedies, procedures and practices which theretofore had been evolved in the English Court of Chancery,[1] subject, of course, to modifications by Congress, e. g., Michaelson v. United States, 266 U.S. 42, 45 S.Ct. 18, 69 L.Ed. 162, 35 A.L.R. 451. The sources bearing on eighteenth century English practice—reports and manuals—uniformly support the power not only to give a fixed allowance for the various steps in a suit, what are known as costs 'between party and party,' but also as much of the entire expenses of the litigation of one of the parties as fair justice to the other party will permit, technically known as costs 'as between solicitor and client.[2]'" (Footnotes omitted.)

Refusing to recognize any formula for the exercise of this power, the Court at page 167 of 307 U.S., at page 779 of 59 S.Ct. stated:

"As in much else that pertains to equitable jurisdiction, individualization in the exercise of a discretionary power will alone retain equity as a living system and save it from sterility."

\* \* \* \* \* \*

"In any event such allowances are appropriate only in exceptional cases and for dominating reasons of justice."

The rationale of this decision has found application in a variety of situations in subsequent cases. The principle that the federal courts have inherent power to award attorneys' fees as costs in the absence of statutory authority has been recognized where such fees were denied,[1] relied on where they were granted.[2] The variety of factual circumstances in which this principle has been applied indicates that "dominating reasons of justice" has been the guide to its application.

Guardian Trust Co. v. Kansas City Southern Ry. Co., 28 F.2d 233 (8 Cir. 1928), is a treatise on the history of this subject in equity courts.

"The power of courts of equity over costs does not rest upon the statutes, but upon usage long continued. * * * costs as between solicitor and client (are allowed) where the litigation is false, unjust, vexatious, wanton, or oppressive." Buchhalter v. Rude, 54 F.2d 834 (10 Cir.1931), reversed for misapplication of the principle 286 U.S. 451, 52 S.Ct. 605, 76 L.Ed. 1221 (1932).

Unnecessary, groundless, vexatious and oppressive petitions and motions have been held to constitute appropriate reason for the exercise of the equitable power to award attorneys' fees against

1. Universal Oil Products Co. v. Root Refining Co., 328 U.S. 575, 580, 66 S.Ct. 1176, 90 L.Ed. 1447, 1453 (1946); Gordon v. Woods, 202 F.2d 476 (1 Cir. 1953), rehearing denied 203 F.2d 363; Carlisle, Brown & Carlisle v. Carolina Scenic Stages, 242 F.2d 259 (4 Cir. 1957); Brisacher v. Tracy-Collins Trust Company, 277 F.2d 519 (10 Cir. 1960).

2. In re Swartz, 130 F.2d 229 (7 Cir. 1942); O'Hara v. Oakland County, 136 F.2d 152 (6 Cir. 1943); United States v. Anglin & Stevenson, 145 F.2d 622 (10 Cir. 1944), Cert. den. 324 U.S. 844, 65 S. Ct. 678, 89 L.Ed. 1405; W. F. & John Barnes Co. v. International Harvester Co., 145 F.2d 915 (7 Cir. 1945), Cert. den. 324 U.S. 850, 65 S.Ct. 687, 89 L.Ed. 1410; Walsh v. National Savings & Trust Company, 101 U.S.App.D.C. 195, 247 F. 2d 781 (D.C.Cir.1957), rehearing denied in Banc 1957; Cleveland v. Second Nat. Bank & Trust Co., 149 F.2d 466 (6 Cir. 1945), Cert. den. 326 U.S. 775, 66 S.Ct. 231, 90 L.Ed. 468.

the offending party, In re Swartz, 130 F.2d 229 (7 Cir.1942), rehearing denied.

This Court stated the general rule in equity in Specialty Equipment & Machinery Corp. v. Zell Motor Car Co., 193 F.2d 515 (4 Cir.1952) at pages 520, 521:

"* * * which is that costs beyond those allowed by statute will be taxed only in exceptional circumstances, 'such as exist in the case of fraud, oppression, or bad faith cases of fiduciary relationship or those in which the prevailing party has helped to create the fund upon which the costs are charged.' Swan Carburetor Co. v. Chrysler Corporation, 6 Cir., 149 F.2d 476, 478; Sprague v. Ticonic Nat. Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184."

In actions for unfair competition attorneys' fees are assessed as an element of damages where the wrongdoers' action is unconscionable, fraudulent, willful, in bad faith, vexatious or exceptional.[3]

The power of a court of equity to allow the taxation of attorneys' fees as costs has been before this Court. In Rolax v. Atlantic Coast Line R. Co., 186 F.2d 473 (4 Cir.1951), this Court dealt with such a situation. There Chief Judge Parker held that, under the Railway Labor Act, Negro firemen were entitled to relief against the railroad and the Brotherhood of Locomotive Firemen and Enginemen from a discriminatory contract entered into between the union and the railroad.

In sanctioning the award of attorneys' fees to the Negro firemen the Court said at page 481:

"* * * under the circumstances here we think that the allowance of

attorneys' fees as a part of the costs is a matter resting in the sound discretion of the trial judge. Ordinarily, of course, attorneys' fees, except as fixed by statute, should not be taxed as a part of the costs recovered by the prevailing party; but in a suit in equity where the taxation of such costs is essential to the doing of justice, they may be allowed in exceptional cases. The justification here is that plaintiffs of small means have been subjected to discriminatory and oppressive conduct by a powerful labor organization which was required, as bargaining agent, to protect their interest. The vindication of their rights necessarily involves greater expense in the employment of counsel to institute and carry on extended and important litigation than the amount involved to the individual plaintiffs would justify their paying. * * *"

In Local 205, United Electrical Radio and Machine Workers v. General Electric Co., 172 F.Supp. 960 (D.Mass.1959), the identical point here in issue was raised. The Court commented at page 961:

"If a union in such a proceeding should ever be entitled to the extraordinary relief (I use the adjective in the legal sense) of costs taxed as between solicitor and client, a question on which I do not presently rule, I believe it should be only in a clear case of improper resistance to its rights. Cf. 35 U.S.C.A. § 285, and cases thereunder. This is not such a case."

Aside from the inherent power of courts of equity to award counsel fees in appropriate cases a directive policy has

3. Maternally Yours, Inc. v. Your Maternity Shop, Inc., 234 F.2d 538 (2 Cir. 1956); National Van Lines v. Dean, 237 F.2d 688 (9 Cir. 1956); Aladdin Mfg. Co. v. Mantle Lamp Co. of America, 116 F.2d 708 (7 Cir. 1941); Admiral Corp. v. Penco, Inc., 203 F.2d 517 (2 Cir. 1953); Keller Products, Inc. v. Rubber Linings Corp., 213 F.2d 382, 47 A.L.R.2d 1108 (7 Cir. 1954); Century Distilling Co. v. Continental Distilling Corp., 205 F.2d 140 (3 Cir. 1953), Cert. den. 346 U.S. 900, 74 S.Ct. 226, 98 L.Ed. 400; Singer Mfg. Co. v. Redlich, 109 F.Supp. 623 (S.D. Cal.1952); Youthform Company v. R. H. Macy & Co., 153 F.Supp. 87 (N.D. Ga.1957); Wolfe v. National Lead Company, 156 F.Supp. 883 (N.D.Cal.1957) aff. 272 F.2d 867 (9 Cir. 1959); Taussig v. Wellington Fund, Inc., 187 F.Supp. 179 (D.Del.1960); Singer Mfg. Co. v. Singer Upholstering & Sewing Co., 130 F.Supp. 205 (W.D.Penn.1955).

been declared by the Courts in interpretation of the Labor Management Relations Act.

Textile Workers Union of America v. Lincoln Mills of Alabama, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957), bears both on the question of the power of federal courts and its proper exercise under the Act. This case is a mandate to the lower courts to fashion a body of federal law to effectuate the policy of the National Labor Laws and an explanation of that policy. At page 457 of 353 U.S., at page 918 of 77 S.Ct.:

"The Labor Management Relations Act expressly furnishes some substantive law. It points out what the parties may or may not do in certain situations. Other problems will lie in the penumbra of express statutory mandates. Some will lack express statutory sanction but will be solved by looking at the policy of the legislation and fashioning a remedy that will effectuate that policy. The range of judicial inventiveness will be determined by the nature of the problem."

See United Steelworkers of America v. Warrier & Gulf Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960) as to the policy of the Act.

■ From the authority herein cited it is clear that the District Court had the power to award attorneys' fees to Appellant, Union. This appears both from the Labor Relations Management Act, the constructions of that Act and the traditional practice of courts of equity.

■ The question remains as to how this traditional equitable power should be used to effectuate the policy of the Act under the mandate of the Supreme Court. The answer to this question will depend upon the particular facts of the case presented in light of the policy of the Act. In an appropriate case attorneys' fees should be awarded against a party who, without justification, refuses to abide by the award of an arbitrator.

■ This case having been before this Court on its merits in the original appeal, we do not find it falls within the category of those exceptional cases where such costs should have been allowed by the District Court.

The District Court's opinion enforcing the arbitrator's award was filed on January 8, 1960. In that opinion the District Court noted that the defendant (American Brake Shoe Company) relied on Association of Westinghouse Salaried Employees v. Westinghouse Elec. Corp., 348 U.S. 437, 75 S.Ct. 489, 99 L.Ed. 510 (1955) for its contention that the Court was without jurisdiction. The District Court rejected this contention in reliance on Textile Workers Union of America v. Cone Mills Corporation, 268 F.2d 920 (4 Cir. 1959) and cited United Steelworkers of America v. Enterprise Wheel & Car Corp., (363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424) before same was decided by the Supreme Court on June 20, 1960.

On appeal to this Court, 285 F.2d 869 at page 874 (1961) in answering the same contention, this Court said:

"Even since Textile Workers Union, etc. v. Lincoln Mills of Alabama, 1957, 353 U.S. 448, 77 S.Ct. 912, 923, 1 L.Ed.2d 972 there seems to have been a lingering doubt that the Westinghouse decision should be limited to its peculiar factual situation. This lingering doubt led the Court of Appeals for the Fifth Circuit, in Mississippi Valley Electric Company v. Local 130 of International Brotherhood of Electrical Workers, 1960, 278 F.2d 764, to hold that Section 301 of the Labor Management Relations Act did not confer upon the Federal Courts jurisdiction to enforce an arbitration award in a labor dispute where the award ordered back pay. The doubt has been removed by the holding of the Supreme Court in United Steelworkers of America v. Enterprise Wheel & Car Corp., supra."

In view of the lingering doubt concerning the Westinghouse case there was justification for the litigation here involved.

Affirmed.