**HIGH FIDELITY RECORDINGS, INC.,**
Appellant,

v.

**AUDIO FIDELITY, INC.,** Appellee.

No. 17476.

United States Court of Appeals
Ninth Circuit.

June 28, 1962.

Rehearing Denied Aug. 27, 1962.

Pasarow & Spiegel, and Irwin O. Spiegel, Hollywood, Cal., for appellant.

Harris, Kiech, Russell & Kern, Warren L. Kern, and Charles E. Wills, Los Angeles, Cal., for appellee.

Before BARNES, JERTBERG and BROWNING, Circuit Judges.

BARNES, Circuit Judge.

This is an appeal from a final judgment entered by the United States Dis-

trict Court, upon remand by this court (Audio Fidelity, Inc. v. High Fidelity Recordings, Inc., 9 Cir., 1960, 283 F.2d 551), against appellant, permanently enjoining it from competing unfairly with appellee and assessing damages against appellant in the total amount of $8,664.98 and costs. A timely notice of appeal having been filed, the jurisdiction of the district court and of this court is founded upon the same authorities as cited in the earlier appeal.

The basic facts are not disputed by the parties. Appellant only appeals from that portion of the judgment entered below (a) that awards its profits from the sale of records in copied jackets, and (b) attorneys' fees. We affirm.

Upon the remand of this case for further consideration in accordance with this court's mandate, the district court set the matter for trial on the issue of damages. Prior to the trial, appellee sought to take the deposition of Mr. Vaughn,[1] appellant's president, for the purpose of determining appellee's damages and appellant's profits.

At the deposition, Vaughn failed to produce the books and records called for by the notice and subpoena served on him, and refused to answer certain questions put to him.[2] Vaughn's conduct was brought to the attention of the district court, which found Vaughn's refusal to answer the questions put to him to be "without substantial justification" and appellee's motion for reasonable costs and attorneys' fees was then taken under submission.

Subsequently, at further depositions and despite the hostility of Vaughn, some records were uncovered. And, at the instant trial, counsel for appellant offered to stipulate to the sale of 6,736 records in jackets which were copied from appellee.

The district court found that appellant, as admitted, sold 4,255 monaural and 2,-481 stereo records in copied jackets; and that appellant's total profit on these sales was $6,164.98. In addition, the district court found that appellee was entitled to an award of exemplary damages in the amount of reasonable attorney's fees (viz., $2,500.00) in view of the facts that: appellant deliberately copied appellee's jacket; it failed to maintain adequate records and books of account; its president, Vaughn, repeatedly changed his testimony; and that it hindered discovery proceedings because of Vaughn's conduct.

The alleged errors upon which appellant relies in this court are:

"1. The District Court erred in awarding plaintiff [appellee] attorney's fees either as exemplary damages as set forth in Finding of Fact No. 20 or otherwise, in a claim of unfair competition under California State law.

"2. The District Court erred in awarding [appellee] all of [appellant's] profits in an action of unfair competition under California State law where [appellee] failed to prove that [appellant] actually palmed off its record to any purchasers who were misled or deceived into believing that they were buying [appellee's] recording and where there is no evidence that any profits were actually diverted from [appellee] to [appellant] by confusion or fraud.

"3. The District Court erred in awarding [appellee] all of [appellant's] profits as damages for unfair competition under California State law where [appellee] failed to prove that it actually lost all of the record sales made by [appellant] and that all of such sales were actually diverted from [appellee] to [appellant] by [appellant's] acts or conduct.

"4. The District Court erred in applying a presumption of palming

---

1. Hereinafter referred to as "Vaughn" and who is the person characterized by the district court in the first trial as one of the "most unsatisfactory witnesses" encountered in a long time.

2. Appellant here attempts to excuse this conduct as having been done on the advice of former counsel.

off as set forth in Finding of Fact No. 11 to impose damages or award profits in an action of unfair competition under California State law."

Thus, the two questions presented to this court are: (1) whether the district court properly awarded appellee the profits which appellant derived from the sale of records made in the copied jacket, and (2) whether the district court properly awarded appellee attorneys' fees either as exemplary damages or otherwise.[3]

## I

Did the district court properly award appellee an amount equal to the profits which appellant derived from its sales of records made in the copied jacket? We hold it did.

Appellant does not question the district court's computation; i. e., the amount of profit made by appellant on the records sold in the copied jacket is not questioned. The issue raised goes only to the propriety of an award of these profits.

Appellant founds its contention that it was error for the district court to award its profits on the records sold in the copied jackets on a line of California cases headed by Karsh v. Haiden, 1953, 120 Cal.App.2d 75, 260 P.2d 633, and Wood v. Peffer, 1942, 55 Cal.App.2d 116, 130 P.2d 220. In Karsh the court said: "The absence of fraudulent intent justified also the denial of an accounting of profits in equity." (120 Cal.App.2d at 85, 260 P.2d at 639.) The district court, contends appellant, committed an error because it misinterpreted the case of Modesto Creamery Co. v. Stanislaus Creamery Co., 1914, 168 Cal. 289, 142 P. 845.

Generally, the cases cited by appellant stand for the proposition that there must be proof of actual palming off in order to allow the recovery of an unfair competitor's profits when fraudulent intent to divert business is absent; i. e., where

one innocently competes unfairly. The line of cases headed by Modesto, supra, allows the recovery of an unfair competitor's profits when actual fraud, or *intent to divert business* by unlawful means is employed. Modesto states:

"Entirely apart from the question of actual damage, the owner of a trade-mark is entitled to recover from an infringer the profits realized by the latter from sales under the simulated trade-mark. Graham v. Plate, 40 Cal. 593 * * *. The same rule applies to cases of unfair competition, in which, while there is no violation of an exclusive right in a technical trade-mark, *the defendant has used devices* **calculated** *to pass off his goods as those of plaintiff.*" (Cases cited.) (Emphasis added.) (168 Cal. at 295, 142 P. at 847.)

The issue thus becomes one of fact: Did or did not the district court find appellant's conduct to be innocent, i. e., done without actual fraud or intent or calculation to divert business by unlawful means?

▮▮▮ The district court cited the Modesto case, supra, as authority for its judgment. It seems implicit that the district court found appellant's conduct to be within the conduct proscribed in the Modesto case.

But, contends appellant:

"Our reading of Modesto does not disclose any *presumption of palming off*. To the contrary, the trial court's findings of actual palming off was upheld on appeal as being fully justified by the evidence. At 168 Cal. 281, 293, 142 P. 845–846:

" '*The use of said wrapper misled and deceived customers into buying defendant's butter in the belief that it was plaintiff's product.*

*       *       *       *       *

" ' * * * *The evidence fully justified the findings that these wrap-*

---

3. "This being a diversity case, the law of the forum state prevails." Audio Fidel-ity, Inc. v. High Fidelity Recordings, Inc., supra, 283 F.2d at 554.

*pers were adopted with the purpose of deceiving the public as above stated, and that they accomplished this purpose.'* " (Emphasis appellant's.) (Re. Br. 2.)

Apparently appellant can see no similarity between the language it cites from Modesto and:

"The general impression given by the accused jacket of Exhibit 2 upon the eyes of the ordinary purchaser was such as to make him believe the defendant's record of that of plaintiff, and said accused jacket was likely to confuse and deceive the trade and members of the public and was designed for that purpose." (Finding of Fact 10, R. 240–241.)

And, appellant urges, the evidence in the instant case cannot justify the findings and conclusions of the district court, because the district court did not find an *actual* palming off. It did, however, find appellant guilty of deliberate unfair competition. The unfair competition alleged by appellee was palming off. The evidence supports a deliberate *intent* to palm off that which was not only placed upon the market by defendant, but *sold* therein, with resultant customer confusion between the two products. We believe it necessarily follows that the district court found an equivalent of a palming off.

The district court did *not* find appellant to have innocently employed means of unfair competition. Hence it is clear that the cases cited by appellant are not applicable to the facts of this case. We cannot hold it was clearly erroneous for the district court to find appellant's conduct to be within the rule of the Modesto case, supra, nor to apply the law of the Modesto case. We therefore affirm.

II

Was it proper, as exemplary damages or otherwise, for the district court to award appellee reasonable attorneys' fees?

■ Appellee cites both California and federal cases as authority for the district court's award of exemplary damages as measured by reasonable attorneys' fees. Appellant counters with its own cases as authority for the impropriety of such an award, and attempts to distinguish or devitalize all of appellee's cases save one: National Van Lines, Inc. v. Dean, 9 Cir. 1956, 237 F.2d 688.

National Van Lines supports the district court's award of reasonable attorneys' fees. This court, in the National Van Lines case, said:

"We will first direct our attention to the * * * claim of unfair competition.

"As to this claim, the law of the state in which the acts occurred [California] governs. Sunbeam Furn[iture] Corp. v. Sunbeam Corp., 9 Cir., 191 F.2d 141, 731." (237 F.2d at 691.)

When this court later said: [4]

"Since we have found appellee's acts to have been willful and calculated to trade upon appellant's good will, the latter is entitled to recover its actual and reasonable attorney's fees incurred in this litigation." (237 F.2d at 694.)

this court was fully cognizant of California law.[5] We there awarded actual and reasonable attorneys' fees in an action for unfair competition. We do not believe it was erroneous for the district

4. Citing in marginal note 8: "Aladdin Mfg. Co. v. Mantle Lamp Co., 7 Cir., 116 F.2d 708; Admiral Corp. v. Penco, 2 Cir., 203 F.2d 517; Keller Products, Inc. v. Rubber Linings Corp., 7 Cir., 213 F.2d 382, 47 A.L.R.2d 1108."

5. This court, in National Van Lines v. Dean, supra, also said, giving foundation in law for the district court's Finding

No. 11 which appellant here contends was erroneous, that:

"It is not essential to show intent to deceive in order to establish a case of unfair competition. But, if such an intent is shown, it raises a presumption that deception and confusion resulted. * * *" (237 F.2d at 692.)

What could be more intentional than that which is deliberate?

court to make an award for reasonable attorneys' fees in the instant case.[6]

We affirm. We decline to grant appellee's reasonable, or any, attorney's fees on this appeal.

---

6. In Local No. 149 Intern. Union, United Auto., Aircraft and Agr. Implement Workers of America v. American Brake Shoe Co., 4 Cir. 1962, 298 F.2d 212, the court, at page 215, said:

"In actions for unfair competition attorneys' fees are assessed as an element of damages where the wrongdoers' action is unconscionable, fraudulent, willful, in bad faith, vexatious or exceptional.[3]" In its footnote 3, the court cites as authority eleven cases, including National Van Lines, Inc. v. Dean, supra, and Wolfe v. National Lead Company, N.D. Cal.1957, 156 F.Supp. 883, affirmed 9 Cir., 1959, 272 F.2d 867.