WORCESTER STAMPED METAL COMPANY, Plaintiff,

v.

UNITED STEELWORKERS OF AMERICA, AFL-CIO, Defendant.

Civ. A. No. 64-637.

United States District Court
D. Massachusetts.

Oct. 29, 1964.

Julius Kirle, Boston, Mass., for plaintiff.

James T. Grady, Boston, Mass., for defendant.

CAFFREY, District Judge.

This is a suit for declaratory and other relief brought by plaintiff employer,

Worcester Stamped Metal Company, a corporation organized under the laws of the Commonwealth of Massachusetts, against defendant, United Steelworkers of America, AFL-CIO, under the provisions of 29 U.S.C. § 185 et seq. and the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. The existence of jurisdiction, which is not challenged by defendant's answer, has been upheld in litigation similar to this in Weyerhaeuser Co., Shipping Container Division v. International Bro. of Pulp, etc., 190 F.Supp. 196 (D.Me.1960). See, also, Desert Coca Cola Bottling Co. v. General Sales Drivers, 335 F.2d 198 (9 Cir. 1964); Black-Clawson Co. Inc., Paper Mach. Division v. International Ass'n. of Mach., 313 F. 2d 179 (2 Cir. 1962).

After a hearing on plaintiff's application for a preliminary injunction, at which the matter was argued by counsel for both parties, I find the following facts are undisputed:

1. The plaintiff, Worcester Stamped Metal Company, has its principal office and place of business in Massachusetts, where it is engaged in industry affecting commerce within the meaning of 29 U.S.C. § 152(7), as amended.

2. The defendant, United Steelworkers of America, AFL-CIO, is a labor organization representing employees of plaintiff in an industry affecting commerce within the meaning of 29 U.S.C. § 152(5).

3. On December 13, 1961, the Union and the Company entered into a collective bargaining agreement, which by its amended terms was to remain in force and effect until January 17, 1964, on which date it expired. This contract included *inter alia* Article 13 setting out a grievance procedure which is recited in plaintiff's complaint.

4. Between the period December 13, 1961 and January 17, 1964, there was no dispute, difference, or grievance between the parties concerning vacation pay.

5. On April 27, 1964, being unable to reach an agreement for a new collective bargaining contract, the Union struck the Company and this strike is still in effect.

6. On July 24, 1964, the Union filed a written grievance by letter addressed to the President of plaintiff, which letter is appended to defendant's answer as Exhibit 1. The grievance recited:

"The Employer has failed to pay vacation pay to the production and maintenance employees as provided by Article 10 of the collective bargaining agreement.

"The Union demands that the Employer make immediate payment of vacation pay to the production and maintenance employees."

7. On July 29, 1964, the Union informed the Company by letter that its failure to respond to the letter of July 24 was considered by the Union as a denial of the grievance and a waiver by the Company of the subsequent steps set out in the arbitration procedure. In this letter the Union notified the Company that it was referring the matter to the American Arbitration Association for arbitration.

8. On July 31, 1961 the American Arbitration Association advised the Company by letter that it had received from the Union a demand for arbitration of a grievance involving vacation pay.

9. On August 3, 1964 the Company advised the Union by letter that it rejected the grievance set out in the July 24 letter on the ground that it had not been filed in accordance with the grievance procedure of the contract.

10. On August 5, 1964 the Company notified the Union by letter that it reiterated the Union's failure to comply with the grievance procedure of the contract, that the grievance failed to show that the Company violated in any way the vacation rights of any of its employees during the term of the contract; that, therefore, there was no dispute which became a proper subject for arbitration; and that it was rejecting the Union's request for arbitration.

11. On August 6, 1964 the Company notified the American Arbitration Association by letter that it was its opinion that the matter of vacation pay is not a

proper subject for arbitration and the Company requested the Association to refrain from taking further action.

12. On August 18, 1964 the American Arbitration Association advised the Company (a) that it had determined that an issue as to arbitrability did exist which must be resolved either by an arbitrator or by a Court, and (b) that it planned to proceed with the matter unless restrained by Court order.

13. The complaint herein was filed in this court on August 28, 1964.

The above-recited facts bring this case squarely within the reasoning of Judge Day in the case of General Tire & Rubber Co. v. Local No. 512, etc., 191 F.Supp. 911 (D.R.I.1961). The fact situation there before Judge Day is strikingly similar to and legally indistinguishable from the instant case. The carefully reasoned opinion of Judge Day in that case (particularly at p. 914) which was affirmed per curiam by the Court of Appeals for this Circuit, 294 F.2d 957, is dispositive of the instant case, and plaintiff's request for an injunction against further action by the American Arbitration Association is denied. Recently the Supreme Court has taken a similar position in John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 554–555, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964).

■ On the undisputed facts of this case it seems clear that plaintiff agreed to arbitrate questions relative to vacation pay with the defendant Union, and there can be no doubt that plaintiff has refused to do so. Local No. 149, etc. v. General Electric, 250 F.2d 922 (1 Cir. 1957); Boston Mutual Life Ins. Co. v. Insurance Agents' Internat. Union, 258 F.2d 516 (1 Cir. 1958). And, "It is sufficient for present purposes that the demands are not so plainly unreasonable that the subject matter of the dispute must be regarded as non-arbitrable because it can be seen in advance that no award to the Union could receive judicial sanction." John Wiley & Sons, Inc. v. Livingston, supra, 376 U.S. at 555, 84 S.Ct. at 917.

■ One other matter remains for disposition. Both the plaintiff and the defendant seek to recover for costs and attorneys' fees. Assuming, without deciding, that this Court is empowered in a case of this type to order payment of attorneys' fees, as a matter of discretion both applications herein are denied, it not appearing that either party's conduct has been arbitrary, capricious, or taken in bad faith. See Local 205, United E. R. & M., etc. v. General Electric, 172 F.Supp. 960 (D.Mass.1959); New Bedford Defense Products Div., etc. v. Local No. 1113, 160 F.Supp. 103, 112 (D.Mass. 1958); Gordon v. Woods, 202 F.2d 476 (1 Cir. 1953), rehearing denied 203 F.2d 363.

The above rulings being dispositive of all relief requested by either party herein, this action is dismissed.