**SNELLING & SNELLING, INC.**

v.

**ARMEL, INC., et al.**

**Civ. A. No. 16797.**

United States District Court,
W. D. Louisiana,
Shreveport Division.

July 23, 1973.

Arthur R. Carmody, Jr., John M. Madison, Jr., Wilkinson, Carmody & Peatross, Shreveport, La., for plaintiff.

Gordon E. Rountree, Cook, Clark, Egan, Yancey & King, Shreveport, La., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

DAWKINS, Chief Judge.

The above entitled cause came on regularly for trial without jury on July 26 and 27, 1971, the court having fully considered the evidence, the briefs filed herein, and being fully advised in the premises, now makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1.

Plaintiff, Snelling & Snelling, Inc., is a Pennsylvania corporation.

**2.**

Defendants, Armel, Inc., Mel D. Ford and Elise A. Ford, were at all times relevant herein citizens of the State of Louisiana.

**3.**

This is a civil action between citizens of different states and it has been shown that the amount in controversy exceeds the sum or value of $10,000.00 exclusive of interest and costs.

**4.**

At all times pertinent herein, plaintiff was engaged in operating a nationally franchised employment agency system under its trade name "Snelling & Snelling," duly registered with the United States Government under Registration Number 715–903, granted May 23, 1961, and its trademark "Fort Snelling" registered with the United States Government under Registration Number 715–903, granted on the same date.

**5.**

Plaintiff has in excess of 500 franchised employment agency offices throughout the United States and, as franchisor for each of its offices, it performs, among other things, the following services: supervision and control over the activities of field offices; national advertising under the Snelling & Snelling name; continued development of procedures, techniques and methods for the operation of employment agencies; and conducts regional training sessions for management and counselor employees of all franchisees.

**6.**

Through the substantial expenditure of time, effort and money, and as a result of the studies and surveys made by it over the past twenty years, plaintiff has compiled and developed procedures, techniques, methods of operation, training manuals and instructional guides relating to employment office management and supervision, hiring, training and supervision of employees, certain forms, and other methods, all of which are designed to and do give the Snelling &

Snelling franchisee a competitive advantage over other agencies not members of the Snelling & Snelling System. All the aforesaid procedures, techniques, methods of operation, compilations, studies, manuals, operational guides and other information are not available to, nor disseminated to, agencies which are not part of the Snelling & Snelling franchise system and are treated as confidential by plaintiff and its member franchisees.

**7.**

Sometime prior to February 26, 1971, plaintiff and defendant Armel, Inc. entered into a contract and license agreement whereby that defendant was granted a franchise to operate under the Snelling & Snelling system within the city limits of Shreveport, Louisiana, and the shareholders of Armel, Inc., Mel D. and Elise A. Ford, agreed to be personally bound and obligated by said agreement by signing and accepting it individually. Pursuant to the terms of the agreement, defendant and its stockholders agreed that the methods and techniques employed by Snelling were of considerable value and that the operations manuals and information contained therein were confidential, not to be disclosed to persons outside of the Snelling system or used by defendants in competition with plaintiff.

**8.**

In the agreement, defendants further agreed that during the life thereof they would not conduct or operate, directly or indirectly, or be employed by or associated in any way with any personnel consulting and employment agency business other than that of plaintiff.

**9.**

Defendants further agreed that in the event of termination of the agreement they would not compete, either directly or indirectly, alone or in association with others, in a similar business within specified areas.

**10.**

The evidence shows plaintiff would not have disclosed the confidential infor-

mation, methods and techniques which it had developed at substantial expense to itself but for the agreements of defendants to refrain from competition or wrongful use of such information and material.

11.

In violation of the express terms of the agreement, defendants operated an employment agency or agencies under the name of "Rich and Associates" and utilized the information, techniques, methods of operation and procedures disclosed to defendants in confidence at the same location in Shreveport, Louisiana, as they originally had established their place of business as a Snelling & Snelling franchisee. Defendants further did certain acts with respect to advertisement which were deceptive, unauthorized and highly prejudicial to plaintiff.

12.

Defendant Mel Ford, in violation of the agreement, became an officer and stockholder in a corporation engaged in personnel consulting and employment agency business in direct competition with plaintiff's offices in other areas of Louisiana and in further violation of the agreement openly solicited other Snelling & Snelling licensees throughout the United States to abandon their relationship with plaintiff and to join Rich and Associates in competition with plaintiff.

13.

Because of these clear contract violations committed by defendants, plaintiff, in accordance with the terms of the agreement, properly terminated it February 26, 1971, and demanded that defendants cease their operation of an employment agency and their use of the Snelling name.

*CONCLUSIONS OF LAW*

1.

The court has jurisdiction of the subject matter and of the parties to this action. 28 U.S.C. § 1332.

2.

The trade name "Snelling & Snelling" and the trademark "Fort Snelling" constitute a valid trade name and trademark, respectively, when used in connection with the employment agency business.

3.

The procedures, techniques, methods of operation, training manuals and instructional guides relating to employment office management and supervision are treated as confidential by plaintiff and, specifically, the training manuals are copyrighted material. Use thereof by defendants without specific permission in violation of their agreement not to disclose their contents constitutes an infringement of the copyright and the use by defendants of the trade name "Snelling & Snelling" after termination of the franchise agreement constituted an infringement of the trade name, and plaintiff properly sought preliminary and permanent injunctions to prevent their wrongful use.

4.

Defendant Mel Ford's becoming a stockholder and officer in a competing employment agency was in direct violation of his covenant not to compete as set forth in the agreement between him and plaintiff. Since the trial of this case, defendants have ceased their employment agency business in Shreveport, Louisiana, and two years have elapsed since that time thereby making it unnecessary for this court to consider the issuance of an injunction to enforce the non-competition provisions of the contract, but the seeking of such injunctive relief at the time this action was instituted was proper.

5.

As a result of the actions of defendant, plaintiff suffered substantial damage and went to considerable expense as a result of such wrongful activities and, therefore, this injunction ac-

tion being governed by the rules of a court of equity, we find that plaintiff should be awarded damages against the defendants in the amount of $10,000, to compensate it for its expenses incurred in vindicating its rights in this matter, and $5,000 as exemplary damages as a warning to others against unfair competition, or a total of $15,000. See, *e. g.* Chanel Industries Inc. v. Pierre Marche, Inc., 143 USPQ 9 (D C, E D Mo., 1964); American Personnel, Inc. v. Management Recruiters of Richmond, Inc., 165 USPQ 173 (Va.L. & Eq Ct., 1970); Aladdin Mfg. Co. v. Mantle Lamp Co. of America, 116 F.2d 708 (7th Cir., 1941); Sanford Research v. Eberhard Faber Pen and Pencil, 379 F.2d 512 (7th Cir., 1967); High Fidelity Recordings, Inc. v. Audio Fidelity, Inc., 305 F.2d 86 (2d Cir., 1960).

### 6.

Plaintiff is entitled to judgment in the amount stated above with all costs of this proceeding to be borne by defendants.